IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TRACY ANNETTE ROBY**                                                   **PLAINTIFF**

**V.**                                              **CIVIL CAUSE NO. 4:22-CV-134-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**            **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Tracy Annette Roby filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits, and supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

## FACTS

The plaintiff filed for benefits on March 3, 2020, alleging onset of disability commencing on February 6, 2020. The Social Security Administration denied the claim initially and on reconsideration. At the ALJ hearing, the plaintiff amended her alleged onset date to November 30, 2020. Following the hearing, the ALJ issued an unfavorable decision on February 24, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: right rotator cuff repair, mild degenerative arthritis of the right knee, hips, and spine, total hip replacements, right postoperative change of the rotator cuff, foraminal stenosis, L3-L4 disc herniation, and morbid obesity. The ALJ found she retained the residual functional capacity (RFC) to perform

sedentary work with the following additional limitations: she cannot work at dangerous heights or around hazardous machinery; she can frequently reach overhead with the right upper extremity and has no limitations with the left upper extremity; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, kneel, crouch, crawl, kneel, and stoop. The ALJ found the plaintiff is capable of performing her past relevant work as a medical voucher clerk as it is actually and generally performed.

## ANALYSIS

The plaintiff raises five issues on appeal: (1) whether the ALJ erred in assessing her pain; (2) whether the ALJ should have considered her disability for a closed period of benefits; (3) whether the ALJ failed to order a consultative examination; (4) whether the ALJ erred in assessing her need for an assistive device; and (5) whether the ALJ failed to properly consider all the record evidence.

Foremost, this court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but

other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

Having heard arguments from both sides on the ultimate issue of whether substantial evidence supports the RFC and appreciating the limits of this court's review, the court largely finds support in the record for the RFC to the extent that ALJ did not err in declining to order a consultative examination or assessing the plaintiff's need for an assistive device. However, the court is unconvinced that substantial evidence exists to support the plaintiff's ability to perform the limitations set forth in the RFC for the 12-month period following her amended onset date.

Without intimating whether the plaintiff was entitled to a closed period of disability,[1] the record evidence contains consistent reports of severe and unresolved pain, records documenting two total hip replacement surgeries and a third surgery for a related infection, and a lumbar MRI revealing disc herniation causing mild to moderate narrowing of the neuroforamina and recommending a neurosurgical consult all during the 12-month period following the amended onset date. Considering these records, the court is remanding this case with specific instructions for the ALJ to clarify whether the record supports the RFC during the 12-month period following the amended onset date of November 30, 2020, and ultimately whether the plaintiff is entitled to a closed period of disability.

Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 3rd day of April, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See* DI 25510.001 ("A closed period of disability is the period of disability with a definite beginning date and a definite ending date that the adjudicator establishes at the time of adjudication."). The guidance provides "[a] claimant may be entitled to a closed period of disability if the evidence shows he or she was disabled or blind for a continuous period of not less than 12 months, but based on the evidence is no longer disabled or blind at the time of adjudication."